# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

JAMES MATTHEW TRAVER,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　　No. 2:13CV00038 ERW
　　　　　　　　　　　　　　　　)
RANDOLPH COUNTY JAIL, et al.,　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James Traver (registration no. 526175), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.65. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct plaintiff to submit an amended complaint or face dismissal of this action.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $13.25, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Named as defendants are the Randolph County Jail, Randy Smith (correctional officer), Earl Endsley (correctional officer), Bruce Pierce (correctional officer), Carol Bachelor (nurse), Geneen Hililern (nurse), Mark Nicoles (Sheriff), and the "Randolph County Nursing Staff."

Plaintiff was transferred to the Randolph County Jail (the "Jail") on March 7, 2013. Plaintiff asserts that on arrival he informed defendants Smith and Endsley of his drug allergies to Penicillin and Sulfa drugs. The following day, plaintiff complained to the nursing staff that he had an ear ache. Plaintiff says he reiterated his drug allergies to a nurse, who noted that the allergies were listed in his medical file.

Plaintiff alleges that, later that same day, someone brought him two pills, at least one of which was Bactrim, a Sulfa drug. Plaintiff took the pills, not knowing that he was taking a Sulfa drug. Plaintiff claims that he developed swelling and that his throat constricted, making it difficult to breathe.

Plaintiff says that defendant Endsley came to his cell later with more pills. Plaintiff claims he refused the pills, and Endsley required him to sign a refusal form. Plaintiff asserts that he got another officer's attention and told that officer he was having an allergic reaction. Plaintiff says the officer relayed the information to a doctor, and the doctor ordered that plaintiff be taken to the emergency room nearby.

Plaintiff alleges that defendant Pierce took him to the emergency room. Plaintiff was treated for his condition, and several hours later some of his symptoms were relieved. Plaintiff claims that he continued to have a rash and pain in his throat and chest, however. Plaintiff says the rashes continue to the present and that they are damaging his skin, leaving "scars and deformities" on his body.

## Discussion

Plaintiff's claim against the Jail is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Plaintiff's claim against the "Randolph County Nursing Staff" fails as a matter of law because it is not a person.

Finally, although plaintiff has alleged sufficient facts to state a deliberate indifference claim, see Lair v. Oglesby, 859 F.2d 605, 606 (1988) (allergic reaction),

he has failed to identify the person or persons responsible for giving him the Bactrim. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to do so. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk mail to plaintiff a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff has thirty (30) days from the date of this Order to file an amended complaint. If plaintiff fails to do so, the Court will dismiss this action without further proceedings.

So Ordered this 15th day of May, 2013.

*John A. Ross*
UNITED STATES DISTRICT JUDGE